# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 9, 2014

## STATE OF TENNESSEE v. MINLANDO CORDELL YOUNG

**Appeal from the Circuit Court for Bedford County**
**No. 17551      F. Lee Russell, Judge**

---

**No. M2014-00115-CCA-R3-CD - Filed September 26, 2014**

---

The Defendant, Minlando Cordell Young, was indicted for one count of selling less than .5 grams of cocaine, a Class C felony; one count of delivering less than .5 grams of cocaine, a Class C felony; two counts of selling one-half ounce or more but less than ten pounds of marijuana, a Class E felony; two counts of delivering one-half ounce or more but less than ten pounds of marijuana, a Class E felony; one count of selling .5 grams or more of cocaine, a Class B felony; one count of delivering .5 grams or more of cocaine, a Class B felony; possession of .5 grams or more of cocaine "for resale,"[1] a Class B felony; and possession of .5 grams or more of cocaine with intent to deliver, a Class B felony. See Tenn. Code Ann. § 39-17-417. Following a jury trial, the Defendant was convicted of one count of delivery of .5 grams or more of cocaine and one count of the lesser-included offense of simple possession, a Class A misdemeanor. See Tenn. Code Ann. § 39-17-418. The jury acquitted the Defendant of all the remaining charges. The trial court sentenced the Defendant as a Range I, standard offender to twelve years for the felony conviction and eleven months and twenty-nine days for the misdemeanor conviction. The trial court ordered the two sentences to be served consecutively. On appeal, the Defendant contends that the trial court erred in imposing an excessive sentence for his felony conviction. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

James Ronald Tucker, Jr., Shelbyville, Tennessee, for the appellant, Minlando Cordell Young.

---

[1]Tennessee Code Annotated section 39-17-417 contains no mention of the term "resale."

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Robert James Carter, District Attorney General; Richard A. Cawley and Michael David Randles, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

As pertinent to this review, the following evidence was produced at trial. Anthony Merlo testified that in 2012, he was serving as a confidential informant to the Seventeenth Judicial District Drug Task Force and that his daughter was in a relationship with the Defendant. Mr. Merlo testified that on June 29, 2012, he arranged to purchase cocaine from the Defendant. Mr. Merlo met the Defendant at a parking lot where he exchanged $200 for an "eight ball" of cocaine.

Several members of the Seventeenth Judicial District Drug Task Force testified that Mr. Merlo and his car were searched prior to the exchange, that Mr. Merlo was given $200 in marked funds and an audio recorder, that they observed Mr. Merlo drive to the exchange, and that they observed the exchange. The officers also testified that Mr. Merlo drove from the exchange to a prearranged meeting place where he and his car were searched again and he turned over the cocaine. Audio and video recordings of the exchange were played for the jury. Subsequent testing established that the Defendant had given Mr. Merlo 2.6 grams of powder cocaine.

The Defendant contacted Mr. Merlo later that day to tell Mr. Merlo that he was going to purchase more cocaine from another drug dealer and asked if Mr. Merlo was interested in making another drug buy. Seventeenth Judicial Drug Task Force officers observed the Defendant being driven by his girlfriend to the home of a known drug dealer. After leaving the drug dealer's home, Officer Shane George pulled the Defendant and his girlfriend over. As the car was pulling over, Officer George saw the Defendant reach out of the passenger side window and drop two plastic bags.

Officer George recovered the bags and saw that they both contained white powder. A search of the Defendant's girlfriend's car revealed a third plastic bag by the passenger seat also containing white powder. The Defendant initially denied that the bags belonged to him or his girlfriend. However, Officer George testified that the Defendant later admitted that all three plastic bags belonged to him. Subsequent testing determined that two of the bags contained 2.41 grams of powder cocaine. The third bag was not tested.

At the sentencing hearing, the Defendant's presentence report was admitted into evidence. The report revealed that the Defendant had three prior felony convictions: two convictions involving counterfeit controlled substances and one conviction for selling cocaine. The Defendant also had two misdemeanor convictions for possession of marijuana and numerous traffic offenses. In the report, the Defendant admitted to using marijuana "once or twice weekly" while he was on parole for his prior felony convictions.

Officer George testified at the sentencing hearing that there had been a rise in crack cocaine[2] trafficking in Bedford County. Officer George further testified that, in his opinion, "the best deterrent" for cocaine dealers was a lengthy term of incarceration. Officer George explained that most cocaine dealers "don't have a drug addiction" and were in it "purely for monetary gain." Officer George denied that his view on the prevalence of crack cocaine was not skewed by his job despite the fact that "99.9" percent of his job involved drug offenses. The Defendant's mother testified that the Defendant had a large family who would support him and ensure that he would abide by the terms of any alternative sentence.

In sentencing the Defendant, the trial court found that the Defendant had an extensive history of criminal behavior in excess of what was necessary to establish his sentencing range and placed "very significant" weight to this factor. See Tenn. Code Ann. § 40-35-114(1). The trial court also found that the Defendant had previously failed to comply with the conditions of a sentence involving release into the community, citing the fact that the Defendant was convicted of possession of marijuana and admitted to repeatedly using marijuana while he was on parole for a prior conviction. See Tenn. Code Ann. § 40-35-114(8). The trial court found one mitigating factor applied, that the Defendant's actions neither caused nor threatened serious bodily harm, but did not "give that [factor] significant weight." See Tenn. Code Ann. § 40-35-113(1).

After balancing the enhancement and mitigating factors, the trial court imposed the maximum sentence of twelve years for the felony conviction. The trial court ordered the Defendant's sentences to be served consecutively after finding that the Defendant had an extensive record of criminal activity. See Tenn. Code Ann. § 40-35-115(2). The trial court also ordered the Defendant's sentences to be served in confinement finding that the Defendant had "very little potential for rehabilitation," citing the Defendant's criminal history. The trial court also stated that confinement was necessary to avoid deprecating the seriousness of the offense and was particularly suited to provide an effective deterrent.

## ANALYSIS

---

[2]Both of the Defendant's convictions involved powder cocaine rather than crack cocaine.

*I. Notice of Appeal*

At the outset, the State argues that the Defendant's appeal should be dismissed because his notice of appeal was filed one day late. The judgments were entered on November 15, 2013. That same day the trial court entered an order scheduling a hearing for the Defendant's motion for new trial on December 20, 2103, and mistakenly ordering defense counsel to file the motion for new trial "prior to that date." The Defendant filed his motion for new trial and notice of appeal on December 17, 2013, one day[3] past the deadline provided in the applicable rules. See Tenn. R. App. P. 4(a); Tenn. R. Crim. P. 33(b)(3).

The thirty day period for filing a motion for new trial "is jurisdictional and cannot be expanded." State v. Hatcher, 310 S.W.3d 788, 800 (Tenn. 2010). Failure to timely file a motion for new trial causes all issues to be "deemed waived except for sufficiency of [the] evidence and sentencing." State v. Bough, 152 S.W.3d 453, 460 (Tenn. 2004). Likewise, a notice of appeal must be filed "within [thirty] days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). An untimely motion for new trial will not toll this thirty-day period. State v. Davis, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987).

However, "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). Here, the Defendant only challenges the trial court's sentencing decision, which he may do despite the untimely filed motion for new trial. Furthermore, the trial court issued a scheduling order which mistakenly stated that defense counsel had until December 20, 2013, to file the motion for new trial. Given this and the fact that the notice of appeal was merely one day late, we will address the Defendant's issue on the merits.

*II. Length of Sentence*

The Defendant contends that the trial court erred by imposing an excessive sentence.[4] The Defendant argues that the trial court erred by failing to place more weight on the sole mitigating factor. The Defendant further argues that "the punishment does not fit the crime"

---

[3]The thirtieth day, December 15, 2013, fell on a Sunday; therefore, the Defendant had until December 16, 2013, to timely file the motion for new trial. See Tenn. R. Crim. P. 45(a)(2).

[4]The Defendant's brief on appeal only addresses the length of the sentence for his felony conviction. The Defendant's brief fails to make any argument or cite to any legal authority regarding the consecutive nature of the sentences or the manner of service. Additionally, the Defendant makes no argument regarding the length of his misdemeanor sentence. As such, the Defendant has waived our review of these issues. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").

and that having him serve twelve years in confinement is a waste of the State's financial resources. The State responds that the trial court considered all the applicable sentencing factors and made all the appropriate findings in sentencing the Defendant. The State further responds that the Defendant has failed to overcome the presumption of reasonableness granted to the trial court's sentencing decision or show that the trial court abused its discretion.

Appellate courts are to review "sentences imposed by the trial court within the appropriate statutory range . . . under an abuse of discretion standard with a presumption of reasonableness." State v. Bise, 380 S.W.3d 682, 709 (Tenn. 2012) (internal quotation marks omitted). A sentence will be upheld "so long as the statutory purposes and principles [of the Sentencing Reform Act] . . . have been properly addressed." Id. at 706. If this is true, this court may not disturb the sentence even if a different result were preferred. State v. Carter, 254 S.W.3d 335 (Tenn. 2008). Even if the trial court has misapplied an enhancement or mitigating factor, the sentence will be upheld if "there are other reasons consistent with the purposes and principles of sentencing, as provided by statute . . . ." Bise, 380 S.W.3d at 706. On appeal, the burden is on the defendant to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Cmts.

The Sentencing Reform Act was enacted in order "to promote justice" by ensuring that every defendant "be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense." Tenn. Code Ann. § 40-35-102. In order to implement the purposes of the Sentencing Reform Act, trial courts must consider several sentencing principles. The sentence imposed for an offense "should be no greater than that deserved for the offense committed" and "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4). Sentences involving incarceration "should be based on the following considerations:"

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. §40-35-103(2). Trial courts should consider the "potential or lack of potential for the rehabilitation or treatment of the defendant" when "determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. §40-35-103(5).

The Defendant does not allege that the trial court misapplied any of the enhancement factors. Instead, the Defendant alleges that the trial court failed to place sufficient weight on the sole mitigating factor. However, even prior to the abuse of discretion standard of review announced in Bise, this court did not review the weight trial courts assigned to enhancement and mitigating factors. See Carter, 254 S.W.3d at 344-45. As such, this argument is without merit.

With respect to the Defendant's claim that the length of his sentence was greater than that deserved for the offense committed, we note that he has a lengthy criminal history involving narcotics and that alone would justify the trial court's enhancement of the sentence to the maximum. As for the Defendant's argument about the cost of his incarceration, it neither overcomes the presumption of reasonableness nor demonstrates an abuse of the trial court's discretion. Accordingly, we conclude that the length of the Defendant's sentence was reasonable and that the trial court did not abuse its discretion.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-6-